# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Dwight E. Funderburk,<br><br>                              Debtor(s). | C/A No. 12-04785-HB<br><br>Adv. Pro. No. 14-80027-HB<br><br>Chapter 7<br><br>**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT** |
| John K Fort,<br><br>                             Plaintiff(s),<br><br>v.<br><br>Dwight E. Funderburk, Leland P. Vaughn, Taylor Foley, LLC, Leland P. Vaughn, Trustee of the Funderburk Family Trust dated December 1, 2009, Leland P. Vaughn, Trustee of the Revocable Trust Agreement of Dwight E. Funderburk dated December 1, 2009, The Taylor Law Firm of Taxation Law, a SC Professional Association, Leland P. Vaughn, Trustee of the Revocable Trust Agreement for 123 Country Club Drive dated January 20, 2010, Funderburk Family Trust dated December 1, 2009, Revocable Trust Agreement of Dwight E. Funderburk dated December 1, 2009, Revocable Trust Agreement for 123 Country Club Drive dated January 20, 2010, Funderburk Holding Group Limited Partnership, Funderburk Holding Group, GP, LLC, Greenway Construction Group, LLC, Edisto Golf, LLC, 493 Acquisitions, LLC, Lawrence and Funderburk, LLC, Ben Lawrence,<br><br>                            Defendant(s). | |

**THIS MATTER** came before the Court for a hearing on January 20, 2015, pursuant to the Motion for Summary Judgment filed by Defendant The Taylor Law Firm of Taxation Law ("Taylor Firm")[1] and the Motion for Summary Judgment filed by Defendant Taylor Foley, LLC

---

[1] Docket Nos. 186 & 187.

("Taylor Foley," collectively "Movants").[2] Plaintiff John K. Fort appeared at the hearing along with his counsel, Joshua J. Hudson. Mary L. Arnold appeared on behalf of Movants.

## I. PROCEDURAL BACKGROUND AND FACTS

Dwight E. Funderburk ("Funderburk") is a Chapter 7 Debtor in Case No. 12-04785-HB pending before this Court. That case was initiated as an involuntary proceeding and an order of relief was subsequently entered. John K. Fort ("Plaintiff") was the appointed Chapter 7 Trustee and Randy A. Skinner represents Funderburk in the Chapter 7 case.

This adversary proceeding was filed by Plaintiff on March 12, 2014, against Funderburk and others. An Amended Complaint was filed on May 19, 2014.[3] Plaintiff alleges Funderburk incurred large amounts of debt from numerous creditors and then, between November 2009 and April 2010, developed a scheme to defraud those creditors by which various trusts and entities were created to hide and dispose of Funderburk's assets. Plaintiff named numerous parties as defendants alleging involvement in this scheme. Default judgments were entered on April 29, 2014, against Defendants Ben Lawrence, individually,[4] and Funderburk, individually,[5] and on May 6, 2014, against Defendants Lawrence and Funderburk, LLC,[6] 493 Acquisitions, LLC,[7] Edisto Golf, LLC,[8] Green Way Construction Group, LLC,[9] Funderburk Holding Group Limited Partnership,[10] Funderburk Holding Group, GP, LLC.[11] Summary Judgment was also granted against Funderburk on October 17, 2014.[12] Previously, on February 19, 2014, an Order Granting

---

[2] Docket Nos. 188 & 189.
[3] Docket No. 105.
[4] Docket No. 43.
[5] Docket No. 44.
[6] Docket No. 82.
[7] Docket No. 83.
[8] Docket No. 84.
[9] Docket No. 85.
[10] Docket No. 86.
[11] Docket No. 87.
[12] Docket No. 151. Funderburk offered no opposition to Plaintiff's motion.

2

Approval of Funderburk's Waiver of Discharge was entered in Funderburk's bankruptcy case. That order resulted from a written waiver signed on February 11, 2014, by Funderburk and his counsel.

The parties remaining are: (1) Leland P. Vaughn ("Vaughn"), (2) Taylor Foley, (3) Vaughn, Trustee of the Funderburk Family Trust dated December 1, 2009, (4) Vaughn, Trustee of the Revocable Trust Agreement of Dwight E. Funderburk dated December 1, 2009, (5) the Taylor Firm, (6) Vaughn, Trustee of the Revocable Trust Agreement for 123 Country Club Drive dated January 20, 2010, (7) Funderburk Family Trust dated December 1, 2009, (8) Revocable Trust Agreement of Dwight E. Funderburk dated December 1, 2009, and (9) Revocable Trust Agreement for 123 Country Club Drive dated January 20, 2010. Counsel for Vaughn individually (1) and in his capacity as trustee and representative of other entities (3, 4, 6, 7, 8, 9) announced at a hearing held on January 20, 2015, that the matters involving Vaughn have been settled. The instant Motions involve only Movants Taylor Foley (2) and the Taylor Firm (5).

There is no dispute that Funderburk sought Movant Taylor Firm's legal advice to create the various trusts and to assist with transfers of assets prior to the bankruptcy case. Judgment has been entered against Funderburk, the transferor/Debtor, and a settlement is pending between Plaintiff and Vaughn. Plaintiff, on behalf of Funderburk's creditors pursuant to 11 U.S.C. § 544, alleges the Taylor Firm conspired with Funderburk and Vaughn, individually and as trustee, to create a scheme to avoid the claims of Funderburk's creditors and the Taylor Firm's acts caused the Plaintiff special damages. Additionally, Plaintiff alleges Vaughn breached his fiduciary duty as trustee of the various trusts and the Taylor Firm knowingly participated in this breach by directing Vaughn in his duties as Trustee; thus, Plaintiff claims the Taylor Firm aided and abetted Vaughn's breach of a fiduciary duty. Plaintiff further alleges Taylor Foley is the successor to the

3

Taylor Firm and is, therefore, liable for Taylor Firm's acts. Taylor Firm and Taylor Foley challenge the sufficiency of Plaintiff's causes of action. In response, Plaintiff submitted portions of the record.

## II. PORTIONS OF THE RECORD SUBMITTED FOR CONSIDERATION[13]

### A. Civil Conspiracy

1. Plaintiff's Exhibit D: e-mail correspondence exchanged on July 28, 2010, between Joshua Kelly ("Kelly"), a former associate of Taylor Firm, and Henry Dorn, CPA, stating that "[t]he purpose of forming Green Way Construction Group, LLC [a Funderburk company] was to remove the majority of (or all) assets owned by Triangle Construction [also a Funderburk company] to a new entity as a result of some possible creditor issues with Triangle Construction."

2. Plaintiff's Exhibit E: e-mail correspondence exchanged between January 27–29, 2010, between Kelly and David G. Taylor ("Taylor"), affiliated with both the Taylor Firm and Taylor Foley, and between Funderburk and Taylor indicating a proposed plan by which Funderburk would transfer certain assets to "accomplish [Funderburk's] desired goal of conveying [Hearner, a Funderburk company] to [Funderburk's] son and would do so without (i) gift taxes and (ii) exposure to creditor claims for reversal of the conveyance."

3. Plaintiff's Exhibit F: e-mail correspondence exchanged between July 19–20, 2010, between Kelly, Taylor, and Foley acknowledging the attached letter from Countybank, a creditor of Funderburk. The letter references Countybank's reservation of rights as to its lien on certain property transferred from one Funderburk company to another Funderburk company. Plaintiff

---

[13] Plaintiff's exhibits, as detailed herein, are attached to Plaintiff's Memorandum in Opposition to Taylor Foley, LLC's Motion for Summary Judgment, at Docket 199. The Court references Plaintiff's exhibits attached to the Memorandum in Opposition to Taylor Foley, rather than Plaintiff's Memorandum in Opposition to the Taylor Law Firm of Taxation's Motion for Summary Judgment, at Docket 198, because the former memorandum includes all exhibits attached to the latter memorandum as well as additional exhibits in support of Taylor Foley's arguments.

4

argues that Exhibit F is evidence of how the Taylor Firm advised Funderburk on how to circumvent creditor claims and hide assets.

    4. Plaintiff's Exhibit G: June 2, 2010 e-mail correspondence between Mary L. Arnold and Taylor, indicating the Taylor Firm's knowledge of foreclosure proceedings relative to Funderburk's real property holdings.

    5. Plaintiff's Exhibit H: deposition testimony of Taylor, taken on October 8, 2014, wherein Taylor testified that he believed the Taylor Firm asked Streetman, Jones & Powers, an accounting firm, to value certain Funderburk properties in order for Taylor Firm to use the independent valuation in the trust documentation in December 2009. Plaintiff argues that Taylor's testimony creates an issue of material fact as to whether the Taylor Firm received a valuation of Funderburk's properties prior to selling and transferring the properties between Funderburk entities.

    6. Plaintiff's Exhibit I: deposition testimony of Brian R. Powers, partner with Streetman, Jones & Powers, taken on November 25, 2014, contradicting Taylor's testimony that Streetman, Jones & Powers gave the Taylor Firm a valuation of Funderburk's properties.

    7. Plaintiff did not submit any evidence in support of special damages.

    8. Plaintiff alleges, however, that the special damages suffered by Plaintiff are "the costs and expenses associated with locating and dissecting the entity formation and transactional documents that disposed of the [Funderburk's] assets."

**B. Aiding and Abetting a Breach of a Fiduciary Duty**

    1. Plaintiff's Exhibit J: deposition testimony of Vaughn, taken on August 15, 2014, stating that he spoke to Taylor Firm regarding his role and responsibilities as trustee.

2. Plaintiff's Exhibit K: deposition testimony of Taylor, taken on October 8, 2014, indicating that Taylor did not recall whether Vaughn sought legal advice from the Taylor Firm in regards to his role as trustee.

3. Attached to Plaintiff's Amended Complaint are the Revocable Trust Agreement of Dwight E. Funderburk identified as Exhibit A and the Funderburk Family Trust Agreement identified as Exhibit B.[14] Plaintiff, however, does not direct the Court to or otherwise identify any specific fiduciary duty allegedly breached by Vaughn.

**C. Liability of Taylor Foley**

1. Plaintiff's Exhibit A: deposition testimony of Taylor, taken on April 30, 2014, indicating that the Taylor Firm was wound down sometime in early 2013, Taylor Foley began operating thereafter, and any outstanding legal matters of Taylor Firm may have been completed after Taylor Foley began but billed under Taylor Firm's accounts. Plaintiff asserts that Taylor's testimony supports a finding of an issue of material fact as to whether Taylor Foley is the successor-in-interest of Taylor Firm because it appears that the transition between Taylor Firm and Taylor Foley was simply a change of Taylor Firm's name.

2. Plaintiff's Exhibit B: deposition testimony of Sallie Holder ("Holder"), former Taylor Firm Chief Operating Officer, taken on May 14, 2014, indicating that the Taylor Firm sent a letter to its clients informing the clients that the Taylor Firm would be changing names and adding David M. Foley ("Foley") as a new partner.

3. Plaintiff's Exhibit C: a series of billing statements sent from Taylor Firm and Taylor Foley to Funderburk, reflecting the Taylor Firm's name change.

---

[14] Upon a review of a motion for summary judgment pursuant to Fed. R. Civ, P. 56, made applicable to this proceeding pursuant to Fed. R. Bankr. P. Rule 7056, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

6

    4.    Movant Taylor Foley's Exhibit 1: the Articles of Organization filed on June 27, 2013, with the S.C. Secretary of State by Foley, as the organizer of Taylor Foley. The Articles of Organization indicate that Taylor Foley operates its initial office at 171 Church Street, Suite 330, Charleston, South Carolina 29401, and is managed by David Glenn Taylor, LLM and David M. Foley, LLM. This is the same address as the prior Taylor Firm.[15]

## III. APPLICABLE LAW

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[16] A genuine dispute of material fact exists "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue of fact concerns 'material' facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law." *Wilson Group, Inc. v. Quorum Health Res., Inc.*, 880 F. Supp. 416, 420 (D.S.C. 1995) (citing *Anderson*, 477 U.S. at 248)). "[S]ummary judgment should be granted in those cases in which it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law." *Hyman v. Ford Motor Co.*, 142 F. Supp. 2d 735, 738 (D.S.C. 2001).

One of the purposes of summary judgment is to determine whether the parties can provide evidentiary support for their version of the facts, and if a party has credible evidence for its position, it must make the existence of such evidence known, because summary judgment

---

[15] Movant Taylor Foley submitted the Articles of Organization into evidence without objection at the hearing on this matter.
[16] Fed. R. Civ. P. 56(a) is made applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7056.

cannot be defeated by the vague hope that something may turn up at trial. *See E. P. Hinkel & Co., Inc. v. Manhattan Co.*, 506 F.2d 201, 205 (D.C. Cir. 1974). Summary judgment is intended to "avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." *See Morgan v. Havir Mfg. Co.*, 887 F. Supp. 759 (E.D. Pa. 1994) (internal citations omitted).

Importantly, at summary judgment, "'the facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (internal quotations omitted).

### B. Civil Conspiracy

The tort of civil conspiracy has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage. *Hackworth v. Greywood at Hammett, LLC*, 385 S.C. 110, 115, 682 S.E.2d 871, 874 (Ct. App. 2009). A claim for civil conspiracy must allege additional acts in furtherance of a conspiracy and may not reallege other claims within the complaint. *Id.* "Where the particular acts charged as a conspiracy are the same as those relied on as the tortious act or actionable wrong, plaintiff cannot recover damages for such act or wrong, and recover likewise on the conspiracy to do the act or wrong." *Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 276 S.C. 284, 293, 278 S.E.2d 607, 611 (1981); *In re Derivium Capital, LLC*, 380 B.R. 407, 425 (Bankr. D.S.C. 2006) ("A cause of action for civil conspiracy cannot be sustained where the complaint merely re-alleges facts supporting other causes of action with conclusory allegations of a conspiracy."). The "essential consideration" in civil conspiracy

8

"is not whether lawful or unlawful acts or means are employed to further the conspiracy, but whether the primary purpose or object of the combination is to injure the plaintiff." *Pye v. Estate of Fox*, 369 S.C. 555, 566-68, 633 S.E.2d 505, 511-12 (2006) (quoting *Lee v. Chesterfield Gen. Hosp., Inc.*, 289 S.C. 6, 13, 344 S.E.2d 379, 383 (Ct. App.1986)). "[B]ecause the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action." *Hackworth*, 385 S.C. at 115, 682 S.E.2d at 874.

### C. Aiding and Abetting a Breach of a Fiduciary Duty

Plaintiff alleges Movants are liable for aiding and abetting a breach of a fiduciary duty because the Taylor Firm directed Vaughn in his duties as trustee. A cause of action for aiding and abetting a breach of fiduciary duty requires a showing by Plaintiff of: (1) a breach of a fiduciary duty owed to the plaintiff, (2) the defendant's knowing participation in the breach, and (3) damages. *Future Grp., II v. Nationsbank*, 324 S.C. 89, 99, 478 S.E.2d 45, 50 (1996). "The gravamen of the claim is the defendant's knowing participation in the fiduciary's breach." *Vortex Sports & Entm't, Inc. v. Ware*, 378 S.C. 197, 204 (Ct. App. 2008).

### D. Liability of Taylor Foley

Plaintiff alleges in the Amended Complaint that Taylor Foley is the "successor-in-interest" of the Taylor Firm but fails to adequately show the Court which legal theory supports this cause of action. Movants argue that if Plaintiff is pursuing a cause of action under an alter-ego theory of liability, Plaintiff has not submitted evidence or a showing of "total domination and control of one entity by another and inequitable consequences caused thereby." *Colleton Cnty. Taxpayers Assoc. v. School Dist. of Colleton Cnty.*, 371 S.C. 224, 638 S.E.2d 685 (2006).

9

**IV. DISCUSSION AND CONCLUSIONS**

### A. Civil Conspiracy

Movants argue, as to the civil conspiracy claim, that: (1) Plaintiff did not sufficiently plead special damages; (2) Plaintiff does not have standing to bring a civil conspiracy claim on behalf of creditors; (3) Plaintiff has not established any evidence of the Taylor Firm's intent; and, (4) the doctrine of *in pari delicto* bars Plaintiff from bringing this claim on behalf of Funderburk.

Plaintiff alleges Funderburk, Vaughn, and the Taylor Firm "conspired to interfere with, delay, hinder, and/or prevent Funderburk's creditors from collecting debts the creditors were properly entitled to collect[,]" and the special damages suffered by Plaintiff are "the costs and expenses associated with locating and dissecting the entity formation and transactional documents that disposed of the [Funderburk's] assets."

Applying the law set forth above to the information in the record, the Court finds that Plaintiff submitted some evidence indicating the Taylor Firm, Vaughn, and Funderburk had a "meeting of the minds" to move Funderburk's assets from the reach of creditors. However, Plaintiff has failed to provide a record of evidentiary support for its version of the facts sufficient for a finding of special damages and an intent by Taylor Firm to harm this Plaintiff. Plaintiff's cause of action for civil conspiracy fails. Therefore, no trier of fact could find for Plaintiff on this record.

### B. Aiding and Abetting

Movants argue Plaintiff has not presented sufficient evidence supporting the aiding and abetting breach of fiduciary duty claim, asserting that: (1) Plaintiff has not shown how Vaughn, as Trustee of the various trusts established by Funderburk, owed any fiduciary duty to Funderburk's creditors; (2) Plaintiff has not shown the Court that Plaintiff has standing to bring this cause of action; and, (3) Plaintiff has failed to show that it can make this claim on behalf of Funderburk in

spite of the doctrine of *in pari delicto*. The Court agrees that Plaintiff has failed to adequately define and provide evidence of a fiduciary duty owed by Vaughn to Plaintiff that will support this cause of action. Furthermore, the Court cannot determine whether Plaintiff is bringing this cause of action on behalf of Funderburk's creditors or on behalf of Funderburk and his beneficiaries. The Court, therefore, cannot determine whether Plaintiff has standing to bring this cause of action and Plaintiff has not shown the Court evidence in the record to support this cause of action.

### C. Liability of Taylor Foley

Plaintiff has failed to adequately show the Court the legal framework that supports this cause of action. Nevertheless, the Court need not visit this issue because Plaintiff's causes of action for civil conspiracy and aiding and abetting against Taylor Firm fail.

### V. CONCLUSION

Considering the record in the light most favorable to the non-moving party, no reasonable trier of fact could find in favor of Plaintiff against Taylor Firm and Taylor Foley on this record. "[S]ummary judgment cannot be defeated by the vague hope that something may turn up at trial." *See E. P. Hinkel & Co., Inc.*, 506 F.2d at 205 (internal citations omitted).

**IT IS THEREFORE, ORDERED, THAT:**

1. Movants' Motions for Summary Judgment are granted as to Plaintiff's claim of civil conspiracy against Taylor Firm and Taylor Foley;

2. Movants' Motions for Summary Judgment are granted as to Plaintiff's claim of aiding and abetting a breach of a fiduciary duty against Taylor Firm and Taylor Foley;

3. As a result of Plaintiff's failure to adequately show the Court the legal theory upon which it relies, as well as the rulings in favor of Movants Taylor Firm and Taylor Foley

11

on the underlying claims, Taylor Foley's Motion for Summary Judgment is granted as to Plaintiff's claim that Taylor Foley is the successor-in-interest of Taylor Firm.

**IT IS SO ORDERED.**

**FILED BY THE COURT**
**03/30/2015**



US Bankruptcy Judge
District of South Carolina

Entered: 03/31/2015